IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01799-NYW-NRN

ROBERT M. ELLIOTT,

      Plaintiff,

v.

UNITED STATES,

      Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S PARTIAL MOTION TO DISMISS (ECF No. 59)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This case is before the Court pursuant to Order, ECF No. 60, issued by Judge

Nina Y. Wang referring Defendant the United States' Partial Motion to Dismiss (the

"Motion"), ECF No. 59. Plaintiff Robert M. Elliott responded to the Motion, ECF No. 64,

and Defendant filed a reply, ECF No. 67. The Court has taken judicial notice of the

Court's file and considered the applicable federal and state statutes and case law. As

set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED IN PART** and

**DENIED IN PART**.

### I. BACKGROUND[1]

Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and

was housed at the Administrative Maximum Facility ("ADX") in Florence, Colorado

---

[1] Unless otherwise stated, all factual allegations are taken from the non-
dismissed portions of Plaintiff's Prisoner Complaint ("Complaint"), ECF No. 1, and all

during the relevant period. Plaintiff asserts four claims under the Federal Tort Claims Act ("FTCA"). Claim one is a battery claim in which Plaintiff alleges his face was slammed into a brick wall by a correctional officer on October 2, 2024. Claim two is an assault claim stemming from a sexually inappropriate strip search on September 28, 2023, during which staff took pictures of Plaintiff's naked body and uploaded the pictures onto a prison database. Claim three is a negligence claim that relates to the lack of psychological treatment Plaintiff received in response to the September 28, 2023 assault. Claim four is another negligence claim in which Plaintiff alleges he was denied adequate medical treatment for the injury he suffered when he was battered on October 2, 2024. Plaintiff seeks damages as relief.

Defendant now moves to dismiss the second and third claims related to the September 28, 2023 incident. Defendant argues that Plaintiff's assault claim (claim two) fails under Rule 12(b)(6), and the negligence claim (claim three) should be dismissed because (1) it is barred by the discretionary function exception, and (2) the Court does not have subject matter jurisdiction over the claim under the FTCA because a private party would not be liable under Colorado law.

In his response, Plaintiff "concedes that he has failed to establish that this claim is not barred by the discretionary function" exception. ECF No. 64 at 2.[2] Accordingly, the Court will focus on whether Plaintiff's Complaint states a claim for assault.

---

non-conclusory allegations are presumed true for the purposes of the pending motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] Plaintiff maintains that Defendant's failure to provide him appropriate treatment violated his constitutional rights, but since the Complaint does not assert any constitutional claims, the Court need not address this issue.

2

## II. STANDARD FOR DISMISSAL

### a. Rule 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

### b. Pro Se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall,* 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The Court may not act as an advocate for a pro se litigant and will apply the same procedural rules and substantive law to Plaintiff as to any other represented party. *Hall*, 935 F.2d at 1110 (10th Cir. 1991); *see also Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

### III. ANALYSIS

In his second claim for relief, Plaintiff alleges that BOP Special Investigative Services ("SIS") Technicians Francia and Keller assaulted him on September 28, 2023. ECF No. 1 at 10. Specifically, Plaintiff claims that after performing a strip search, Francia and Keller ordered Plaintiff to uncover his genitals in order to be photographed.

*Id.* When Plaintiff refused, the two "stepped forward aggressively" and told Plaintiff, "'Its [sic] going to happen one way or the other, so you can do this the easy way, or the hard way.'" *Id.* at 11. Plaintiff complied "[o]ut of fear that he was about to catch a beat down." *Id.* Francia and Keller then forced Plaintiff to "pose in erotic pictures" and catcalled and whistled at him. Plaintiff claims that this caused him to be placed in apprehension of offensive physical contact. *Id.* [3]

Defendant argues that "[t]he act of taking photographs does not constitute an assault because [Plaintiff] does not allege that there was any contact or threatened contact." ECF No. 59 at 15. Defendant contends that Plaintiff's "conclusory allegations" that BOP staff would make physical contact with him if he did not comply with their alleged orders are insufficient to plausibly allege that BOP staff intended to place Plaintiff in apprehension of harmful contact. The Court disagrees.

Under Colorado law, civil assault consists of the following elements:

> "(1) the defendant acted either with the intent of making a contact with the person of the plaintiff or with the intent of putting the plaintiff in apprehension of such a contact; (2) the plaintiff was placed in apprehension of an imminent contact with his or her person by the conduct of the defendant; and (3) such contact was or appeared to be harmful or offensive."

*Spears v. Hays*, No. 18-cv-00445-NYW, 2018 WL 11436012, at *6 (D. Colo. Nov. 5, 2018) (quoting *Bohrer v. DeHart*, 943 P.2d 1220, 1224 (Colo. App. 1996)); *see also* Colo. Jury Instr., Civil 20:1 (setting forth elements of liability for assault). To prove the

---

[3] Plaintiff attached to his response a declaration containing new allegations and additional documentation. The Court will not consider this filing. Plaintiff cannot amend his Complaint by adding factual allegations in response to a motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted). The Court is therefore limited to assessing the legal sufficiency of the allegations contained within the four corners of Plaintiff's Complaint.

requisite intent for assault, the plaintiff must establish "dual intent," meaning that "the defendant both intended the contact and intended it to be harmful or offensive." *White v. Muniz*, 999 P.2d 814, 816 (Colo. 2000).

Accepting the allegations in the Complaint as true, the Court finds that Plaintiff has stated a claim for assault. Plaintiff alleges that while he was completely nude but covering his genitals, Francia and Keller demanded that he "remove his hand from the front of his penis" so they could take pictures of him. ECF No. 1 at 10. When Plaintiff objected, Francia and Keller gave Plaintiff the choice of doing it "the easy way or the hard way." *Id.* at 11. At the same time, the two both "stepped forward aggressively." Plaintiff, naked and outnumbered, understood the "hard way" to be a "beat down," so he complied. The Court concludes that, based on these allegations, Francia and Keller intended to convey a threat of an imminent harmful or offensive contact and that Plaintiff's apprehension of the imminent battery—a "beat down"—was reasonable.

### IV. CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant's Partial Motion to Dismiss, ECF No. 59, be **GRANTED IN PART** and **DENIED IN PART** and that only Plaintiff's claim for negligence (claim three) be **DISMISSED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

**and serve such written, specific objections waives de novo review of the
recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148–53
(1985), and also waives appellate review of both factual and legal questions.**
*Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*,
**91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated this 10th day of July, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

7