IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01799-NYW-NRN

ROBERT M. ELLIOTT,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

**ORDER**[1]

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court two motions by the pro se[2] Plaintiff Robert M. Elliott:

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

[2] Because Elliott proceeds pro se, the Court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Calbart v. Denver Sheriff Dep't*, 505 F. App'x 703, 705 (10th Cir. 2012). Eilliott's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

- Elliott's Motion, ECF No. 84, seeking a brain scan, to which Defendant United States filed a response, ECF No. 89, and Elliott filed a reply, ECF No. 103; and
- Elliott's Motion for Leave to Depose Witnesses, ECF No. 90, to which the United States filed a response, ECF No. 102, and Elliott filed a reply, ECF No. 105.

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, it is hereby **ORDERED** that the subject motions are **DENIED**.

## I. Background

The Court set forth the background of this case in its Report and Recommendation on Defendant's Partial Motion to Dismiss, ECF No. 81, which was adopted by Judge Nina Y. Wang, *see* ECF No. 95. Briefly, Elliott alleges that his face was slammed into a brick wall by a correctional officer and that after the battery, he received inadequate medical care. He also brings an assault claim stemming from a sexually inappropriate strip search on September 28, 2023, during which staff took pictures of Elliott's naked body under threat of imminent battery and uploaded the pictures onto a prison database. Elliott's three claims are brought under the Federal Tort Claims Act ("FTCA").

## II. The Motion for a Brain Scan (ECF No. 84)

Elliott requests that Court order the Bureau of Prisons ("BOP") to provide him with "a brain MRI, CT. scan, or any other proper brain scan as well as access to a neuroligist [sic] so that he can determine what exactly the extent is of his head injury that he suffered at ADX Florence by having his head slammed against a brick wall which is the subject of this case." Elliott concedes in his reply that the Court does not

have jurisdiction under the FTCA to order injunctive relief; instead, he clarifies that he requests an independent medical exam under Federal Rule of Civil Procedure 35 and appointment of a medical expert. *See* ECF No. 103 at 1.

"Rule 706(a) of the Federal Rules of Evidence authorizes the district court to appoint an expert witness." *Patel v. United States*, 399 F. App'x 355, 359 (10th Cir. 2010) (unpublished). Rule 706, however, offers no explicit guidance as to when the court should appoint an expert. *See Nagim v. Equifax Info. Servs.*, LLC, No. 09-cv-02428-PAB-KLM, 2010 WL 466757, at *1 (D. Colo. Feb. 9, 2010). Rather, the decision to appoint an expert witness rests with the sound discretion of the district court. *See United States v. Sloan*, 65 F.3d 861, 864 (10th Cir. 1995). However, "courts rarely exercise this power." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "[T]he purpose of Rule 706 is to assist the court in evaluating contradictory or complex evidence or issues. It is not designed to aid a party's prosecution of his own case." *McClendon v. City of Albuquerque*, 95-cv-024 JAP/ACT, 2015 WL 13667177, at *4 (D.N.M. Oct. 13, 2015). Indeed, invocation of Rule 706 "should be reserved for truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988).

Elliott contends that the Court should appoint an expert pursuant to Rule 706 because "neither Plaintiff, nor the Defendant, nor even this honorable Judge possess the skills or expert ice needed to opine or make diagnosis on the human brain." ECF No. 103 at 2. The Court disagrees that the issues presented in this case are so overly

complex or scientific that the Court or a jury would be unable to understand them without the assistance of a court-appointed expert. Elliott claims that his head was slammed into a wall and that the head injuries and vision problems he suffered as a result were not adequately treated. These types of claims are regularly litigated and tried in this Court without a court-appointed medical expert. *See Rachel*, 820 F.3d at 398 ("[I]t cannot follow that a court must therefore appoint an expert under Rule 706 whenever there are allegations of medical malpractice.") (internal quotation marks omitted); *Ward v. Marquez*, No. 20-cv-03582-RMR-KLM, 2022 WL 1303069, at *2 (D. Colo. May 2, 2022) (denying request to appoint medical expert where the incarcerated plaintiff alleged that a correctional officer said that she had the coronavirus and blew her breath at him); *Grady v. Edmonds*, No. 06-cv-01612-DME-KLM, 2008 WL 552845, at *1 (D. Colo. Feb. 27, 2008) (denying appointment of expert where the incarcerated plaintiff suffered multiple fractures to his feet).

Moreover, in the motion, Elliott explains that he must know "the true extent of his injuries . . . and what the lasting side effects of the injury may be" in order to "justify Plaintiff amending his complaint to demand additional damages based on newly discovered information of damages . . ." ECF No. 84 at 2. But, as explained above, Rule 706(a) does not provide a mechanism for the Court to appoint an expert for the benefit of Elliott's prosecution of his own case. *See Duran v. Curry Cnty. Adult Det. Ctr.*, No. 09-cv-0758 MCA/SMV, 2013 WL 12172042, at *11 (D.N.M. Aug. 30, 2013) ("The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues.") (internal quotation marks omitted).

Finally, Rule 706(c)(2) places the costs of compensating the court-appointed expert on the parties. Fed. R. Evid. 706(c)(2). Because Elliott proceeds in forma pauperis, either the United States or the Court itself would bear the cost of the court-appointed expert. But Elliott fails to justify why either option is necessary or appropriate under the circumstances. *Cf. Custard v. Osagie*, No. 06-cv-01114-WYD-CBS, 2008 WL 4838565, at *1 (D. Colo. Nov. 6, 2008) ("The right of access to the courts does not extend to provide witness fees for a witness an in forma pauperis prisoner claims to be essential to his case."). As the Tenth Circuit Court of Appeals has stated in another lawsuit initiated by a pro se prisoner claiming, in part, medical negligence:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Patel*, 399 F. App'x at 359 (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)).

Accordingly, Elliott's Motion requesting a brain scan, ECF No. 89, is **DENIED**.

## III. The Motion for Leave to Depose Witnesses (ECF No. 90)

Elliott requests leave to depose four witnesses at the United States Penitentiary—Administrative Maximum ("ADX"): (1) Dzhokhar Tsarnaev, (2) Sayfullo Habibullaevic Saipov, (3) Joseph Romano, and (4) Mohammed Mansour Jabarah. According to the United States (and public records), all four are subject to Special Administrative Measures ("SAMs"), which "'limit' their 'correspondence, visiting, interviews with representatives of the media, and use of the telephone' 'to protect

persons against the risk of acts of violence of terrorism.'" ECF No. 102 at 4 (quoting 28 C.F.R. § 501.3(a)). Elliott, who is housed at Federal Correctional Institution, Cumberland in Cumberland, MD, requests that the depositions "be conducted via Zoom" and that the "court order that opposing counsel record the audio and video of the depositions on her computer" or, in the alternative, that the "court order the BOP to provide him with a computer." ECF No. 90 at 2–3. Elliott further requests that the Court order "the BOP's notary, or other appropriate officer of the court[']s choice, appear for a very short time at the start of the Zoom conference to administer the oath of all witnesses and parties involved in the depositions." *Id.* at 3.

The United States points out these requests do not comply with the Federal Rules of Civil procedure because Rule 30(c)(1) requires the testimony to be "recorded by the officer personally or by a person acting in the presence and under the direction of the officer," and the "BOP's notary" is not "an officer authorized to administer oaths by the laws of the United States" or "appointed by the court" to qualify as an officer as required by Rule 28(a). The United States states that Elliott's inability to pay for the costs of these depositions, including hiring a court reporter, does not excuse him from following the applicable rules. *See* ECF No. 102 at 7–8 (citing cases).

In his reply, Elliott concedes that the four individuals are subject to SAMs and "understands and respect the Government[']s concerns about allowing him communicate with his witnesses via phone or video." ECF No. 105 at 2. He therefore proposes that, instead of a deposition, he be permitted to

> type an individualized declaration for each of his 4 witnesses that lays out the subject matter of what each person witnessed. Then, Plaintiff would type a cover letter to send with each declaration that explanes [sic] the case and situation at hand. The letter would clearly instruct each witness to only sign

> the declaration if it is true and correct to the best of their knowledge and belief and that if they do not agree with any portion of the declaration that they can change and amend any portion of it before they sign it so that it can be entirely accurate and true. The letter would end with Plaintiff requesting that the witness sign and date the declaration and then mail it back to Plaintiff so that he can then mail it to the court to be placed on the docket and added to the record.

*Id.*

Given that Elliott failed to address the well-founded deficiencies identified by the United States in its response to his Motion to Depose Witnesses, the Court will **DENY** that motion. As to Elliott's new proposals, the Court generally does not address arguments raised for the first time in a reply brief. Elliott can file a motion seeking relief consistent with that outlined in his reply. The Court will then have the benefit of the United States' position and can make a fully informed decision on the matter.

## IV. Conclusion

In light of the foregoing, it is hereby **ORDERED** that Elliott's Motions, ECF Nos. 84 & 90, are **DENIED**.

Dated at Denver, Colorado this 6th Day of November, 2026.

N. Reid Neureiter
United States Magistrate Judge